**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:
Bobbie Upasna Vardan                                        Case No. 17-13848-KHK
      Debtor                                             Chapter 11

WELLS FARGO BANK, N.A. AS
SERVICING AGENT FOR BANK
OF AMERICA, N.A.,
      Movant
vs.

BOBBIE UPASNA VARDAN,
      Respondent

**MEMORANDUM OPINION ON MOTION TO AMEND**
**ORDER GRANTING *IN REM* RELIEF FORM THE AUTOMATIC STAY**
**ENTERED ON NOVEMBER 30, 2018**

Before the Court is GREI, LLC's ("GREI") Motion to Amend Findings or to Make Additional Findings of the Order Granting *In Rem* Relief from the Automatic Stay to Wells Fargo Bank, NA ("Wells Fargo") entered on November 30, 2018. (Docket No. 149). The motion asks this Court to find that the Debtor's interest in the real property located at 3409 Meyer Woods Lane, Fairfax, Virginia, was terminated by the sale of the property to GREI on September 25, 2018. Wells Fargo filed a response to GREI's motion indicating no opposition to the relief requested, and asking for additional relief. Bobbie Vardan, the Debtor, opposes the relief sought by GREI. After a hearing on the matter, the Court makes the following findings of fact and conclusions of law in favor of GREI and Wells Fargo.

**Background**

This case was filed on November 13, 2017. Four days after the petition was filed, Wells Fargo Bank, NA filed a motion requesting *in rem* relief from the automatic stay as to the

Debtor's real property. (Docket No. 12). On the morning of May 23, 2018, this Court granted the relief sought by Wells Fargo. On the evening of May 23, 2018, the Court entered an order dismissing the Debtor's bankruptcy for failure and inability to propose a feasible chapter 11 plan. The first order granting *in rem* relief to Wells Fargo was entered on May 26, 2018. (Docket No. 87). The order was a final order and therefore subject to appeal. Ms. Vardan filed a notice of appeal of the order to the United States District Court for the Eastern District of Virginia on June 14, 2018. (Docket No. 105).

On November 2, 2018, the District Court vacated the first *in rem* order and remanded the matter back to this Court for further action. An evidentiary hearing on Wells Fargo's motion for relief was conducted on November 19, 2018. (Docket No. 121).

On November 18, 2018, GREI filed a brief requesting a finding that the sale of the property pursuant to the first *in rem* order terminated any interest that the Debtor may have had in the property at the time of the sale and that Wells Fargo's pending motion for relief from stay was moot as the Debtor had no remaining interest in the property. (Docket No. 137). Timothy McGary appeared as Counsel for GREI at the evidentiary hearing and presented arguments in support of GREI's brief.

The Court issued a memorandum opinion and the second order granting *in rem* relief from the stay to Wells Fargo on November 30, 2018. (Docket Nos. 143 and 144). The memorandum opinion did not address the validity of the foreclosure sale because the Debtor had not received adequate notice of GREI's position and was therefore unprepared to address the issues raised by GREI at the hearing. (Docket Nos. 143 and 144). On December 14, 2018, the Debtor filed a notice of appeal of the second *in rem* order to the District Court. (Docket No. 153).

On December 14, 2018, GREI simultaneously filed a motion to amend the second *in rem* order in the Bankruptcy Court and a notice of appeal of the Bankruptcy Court's second *in rem* order to the District Court. (Docket Nos. 149 and 151). Finally, on December 28, 2018, GREI filed a suggestion of stay of effective date of the notices of appeal until its motion to amend could be resolved. (Docket No. 162).

A hearing on the motion to amend was conducted on January 15, 2018. GREI and Wells Fargo appeared by Counsel and the Debtor appeared, *pro se*. After hearing arguments of the parties, the Court took the matter under advisement.

### Findings of Facts

This memorandum incorporates by reference all of the findings of facts and conclusions of law regarding the Debtor's actions in its opinion entered on November 30, 2018. (Docket No. 144). The additional findings are these:

On September 10, 2018, following the entry of the first *in rem* order, but before the District Court entered the remand order, GREI purchased the subject property at a foreclosure sale. (Docket No. 164, p. 5). At the time of the sale, the first *in rem* order was on appeal and a stay pending appeal had not been requested.

On September 21, 2018, Samuel I. White, P.C., the trustee who conducted the sale, executed a "foreclosure deed" conveying the property to GREI, LLC. The deed was recorded among the land records of Fairfax County, Virginia on September 25, 2018, at Deed Book 25545 at Page 0315. (Docket No. 137, pp. 7-9). The foreclosure deed was admitted into evidence at

the hearing on November 19, 2018 as Exhibit "GREI-1". (Docket No. 141, *Transcript of Hearing*, p. 40).[1]

### **Conclusions of Law**

This Court has authority to modify its second *in rem* order to make additional findings pursuant to Fed. R. Civ. P. 52 as made applicable to this matter under Fed. R. Bankr. P. 7052. The Court may make additional findings of its previous order under Rule 59(e) in order to correct a clear error of law or to prevent manifest injustice. J & M Salupo Dev. Co. 388 B.R. 795, 805 (6th Cir. BAP 2008). Fed. R. Civ. P. 59(e).

GREI asks this Court to affirm 1) that the foreclosure sale of the subject property terminated any interest that the Debtor may have had in the property because the first *in rem* order was an enforceable final order as no stay pending appeal had been requested or issued by this Court; and 2) that the sale made further consideration of the motion for relief moot and therefore the motion should be dismissed.

At the hearing conducted on November 13, 2018, GREI argued that the foreclosure sale was valid because the order granting *in rem* relief entered on May 26, 2018 was a final order and therefore enforceable. The Court agrees.[2] See Pinpoint IT Servs., LLC v. Rivera (In re Atlas IT

---

[1] In its motion to amend, GREI states, "The deed recites all of the factual underpinnings for a valid trustee's sale under a deed of trust 1) a default occurred; 2) the sale was advertised once a week for two weeks; 3) that proper notice was given to the owners of the property and; 4) the sale occurred to the highest and last bidder at the sale. The recitals of those facts in the deed create prima facie evidence of those facts. Va. Code §8.01- 389 (1950) (as amended). See also Ashworth v. Cole, 180 Va. 108 (1942) (decided under Va. Code 1942 §6196); Adamson v. Columbia Gas Transmission, LLC, 987 F. Supp. 2d 700 (E.D. Va. 2013) (decided under §8.01-389, but citing to Ashworth), applying the rule in a federal proceeding. Such recitals create a prima facie case that the foreclosure sale was procedurally correct and the sale was valid. Thereafter, the Debtor would have had to carry the burden of proof that the sale was in some manner procedurally defective, and to raise that issue on a good faith basis." (Docket No. 149) (Motion to Amend, p. 6).

[2] 28 U.S.C.A. §§ 158(d)(1), 362.

4.

Exp. Corp.), 761 F.3d 177, 182 (1st Cir.2014) ( "Orders granting stay relief are orders 'disposing of a discrete dispute' and so are final and appealable as of right…").

GREI acknowledged that the Debtor had the right to request a stay of the order pending appeal, but maintained that she failed to exercise that right and as a result, Wells Fargo could not violate the stay when it foreclosed and subsequently conveyed its interest in the property to GREI. This position is amply supported by case law. See In re March, 988 F.2d 498, 499 (4th Cir. 1993) (finding that foreclosure by a third party on property in which debtor had a junior lien mooted debtor's appeal of bankruptcy court's order sustaining third party's right to foreclose), *cert. denied*, 114 S.Ct. 182 (1993); See also In re Abingdon Realty Corp., 530 F.2d 588, 590 (4th Cir.1976) (holding that sale of debtor's property mooted debtor's appeal challenging the sale).When the bankruptcy court sets aside a stay under section 362(d), and the debtor fails to obtain a stay pending appeal with the result that the property is sold to a creditor at foreclosure, a court is powerless to rescind the sale on appeal. In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294 (11th Cir.1984); see In re Bleaufontaine, Inc., 634 F.2d 1383, 1389-90 (5th Cir. 1981); Greylock Glen Corp. v. Community Savings Bank, 656 F.2d 1, 4-5 (1st Cir.1981); In re Royal Properties, Inc., 621 F.2d 984 (9th Cir.1980). This rule of law is intended to provide finality to orders of bankruptcy courts and to protect the integrity of the judicial sale process upon which good faith purchasers rely. In re Bleaufontaine, 634 F.2d at 1389 n. 12.

The motion for relief was originally filed on November 17, 2017. It was heard on May 23, 2018 at 9:41AM and granted from the bench. The Order Denying Approval of Disclosure Statement and Dismissing Case was entered the same day at 5:31PM. The only reported case addressing the issue of whether *in rem* relief may be granted after a case is dismissed is In re Harris, No. 18-14157-MSH, 2019 WL 189220 (Bankr. D. Mass. Jan. 14, 2019). In that case,

Judge Hoffman dismissed as moot an *in rem* motion for relief that was filed after the dismissal order had taken effect. It is distinguishable from the instant case because here the motion was filed six month before the final hearing occurred, and the motion was granted hours before the dismissal order took effect.

Even if the motion for relief had been granted after the dismissal order was entered, the sale to GREI would still be valid. In that scenario, the automatic stay would have ceased to exist upon dismissal thereby removing the property from the bankruptcy estate and making a motion for relief moot. As a result, Wells Fargo would have been free to exercise its right to enforce its lien against the property under non-bankruptcy law.

Ms. Vardan argued several theories to explain why the sale to GREI was invalid. First, she contended that GREI lacked standing because the first order granting relief was reversed and that the reversal reinstated the automatic stay. She is incorrect. The remand order merely vacated the first *in rem* order so that findings of facts and conclusions of law could be rendered for review by the District Court on appeal. Since the remand order was not a reversal, the final order granting relief from the stay remained in effect. GREI acquired standing when it purchased Wells Fargo's interest in the subject property.

Next, the Debtor argued that the sale was invalid because GREI knew that the *in rem* order was under appeal and thereby GREI took subject to the appeal. Ms. Vardan cites no case law to support this theory. As previously stated, the appeal did not affect the finality of the first *in rem* relief order, so any challenge to GREI's standing for this reason is baseless. Moreover, the failure of the Debtor to obtain a stay pending appeal from a lower court, with the result that property was, in fact, sold at foreclosure leaves appellate courts powerless to grant relief, even

6.

when the purchaser is a party to the appeal. See In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d at 1296.

Ms. Vardan also argued that the sale violated the automatic stay initiated with the filing of the Suman Vardan petition in bankruptcy.[3] The facts belie this position. As discussed in the Court's memorandum opinion dated November 30, 2018, the Gift Deed purporting to grant Dr. Vardan an interest in the subject property was not properly perfected by recordation until after his bankruptcy was filed; therefore, the automatic stay that was created by his case never affected the property.

Ms. Vardan filed a notice of appeal of the second *in rem* order on December 14, 2018. Case No. 17-13848, (Docket No. 153). She argued that the appeal deprives the Bankruptcy Court of jurisdiction to proceed further on this matter unless it makes its findings pursuant to Rule 8008 of the Federal Rules of Bankruptcy Procedure. That would be so, but for GREI's properly filed motion to amend which was docketed mere hours before the Debtor's notice of appeal. The motion to amend coupled with GREI's suggestion of stay of effective date of notices of the two appeals filed on December 28, 2018, stays both appeals until the Court issues its order and transfers the matter to the District Court for review.

The Debtor alleged that the foreclosure sale was invalid because Wells Fargo engaged in dual-tracking and improperly handled her loan modification when it denied her application because she was "not eligible to be reviewed for assistance".[4] As proof of Wells Fargo's unfair treatment, Ms. Vardan contended that she successfully negotiated a loan modification with Wilmington Savings Fund Society, FSB, ("Wilmington") d/b/a Christiana Trust, not individually

---

[3] See In re Suman Vardan, Case No. 18-13062.
[4] Docket No. 166 (Motion to Strike at 9).

but as trustee for Hilldale Trust, the mortgage lender on the Debtor's residence of record in Great Falls, Virginia.

Although, Wells Fargo and Wilmington would have used the same financial information about the Debtor, their decisions to modify their respective loans would also include other factors including whether the property was a primary residence and whether there was equity in the property. The instant property is not the Debtor's primary residence and the property value is greater than the amount owed on the loan, therefore the lender would recoup the full value of its loan at foreclosure. This would not be the case if the Great Falls property went to foreclosure. The Debtor stated, in open Court, at the hearing on approval of her disclosure statement, that her residence in Great Falls had sustained structural and other damage and is worth less than the value of the mortgage loan.[5] This might explain why Wilmington would choose to grant a loan modification rather than incur a loss at a foreclosure sale. The Court has no other evidence before it demonstrating improper conduct regarding the processing of Ms. Vardan's loan modification application by Wells Fargo. Therefore, the Court makes no determination as to the validity of the allegations made by the Debtor that Wells Fargo engaged in improper dual-tracking of her mortgage loan.

Ms. Vardan appears to assume that she is owed a loan modification by right because she received a loan modification from a lender on her residence during this bankruptcy. She certainly has the right to apply for a modification; however, mortgage lenders are not required to grant every request. Nevertheless, by her actions it is clear that the Debtor is still attempting to hold Wells Fargo and GREI hostage until she is granted a modification irrespective of her qualifications. Such behavior should not be encouraged and will not be tolerated by the Court in this case.

---

[5] Docket No. 82 (*Disclosure Statement Hearing* on May 15, 2018 at 9:20-24).

Finally, Wells Fargo asked the Court to amend the order to find that *in rem* relief is granted effective as of the entry of the first *in rem* order. It argued that doing so would resolve any contention that the Debtor's abusive filing of the bankruptcy on behalf of Suman Vardan on September 10, 2018, had any impact on the validity of the sale conducted under the authority of the first *in rem* order that had been neither stayed nor vacated as of the sale date. 11 U.S.C. 105(a) grants bankruptcy courts with equitable powers "to issue any order that is necessary or appropriate to carry out the provisions of this title." *In rem* relief was granted in this case to prevent Ms. Vardan from continuing to abuse the bankruptcy system. Her actions after her case was dismissed confirm that the pattern of abuse will continue in the federal courts and possibly state courts without this specific remedy. As stated in the prior memorandum, Ms. Vardan's actions represent the very behavior that § 362(d)(4) was enacted to prevent. Therefore, the Court will grant Wells Fargo's request to make the second *in rem* order effective as of May 31, 2018, *nunc pro tunc*.

In conclusion, this Court finds that the foreclosure sale of the subject property terminated any interest that the Debtor may have had in the property because the first *in rem* order was a final order. The order was neither subject to a stay pending appeal nor had it been vacated before the property was sold to GREI. Therefore, for these and all of the reasons stated in the Court's memorandum opinion dated November 30, 2018, the Court grants the motion for *in rem* relief effective May 31, 2018 *nunc pro tunc*. The Court will enter an amended order consistent with the additional findings and conclusions in this memorandum opinion.

Date: Feb 15 2019 _____

/s/ Klinette Kindred
_____
Klinette H. Kindred
United States Bankruptcy Judge

Entered on Docket: Feb 15 2019